IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID UNDERWOOD, #43538-112, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 3:14-CV-0376-L-BK |
| § | | |
| J. WILSON, Lieutenant at FCI Seagoville, § | | |
| et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On January 17, 2014, Plaintiff, a federal prisoner, filed a *pro se* complaint under *Bivens v. Six Unknown Named Agents of Fed Bureau of Narcotics*, 403 U.S. 388 (1971), against the following FCI Seagoville prison officials: Lieutenant J. Wilson, Lieutenant F. Wiginton, Warden M. Cruz, Associate Warden B. Von Blanckensee, and Captain M. Perez. [Doc. 1].[1] The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

Plaintiff asserts Defendants conspired to violate his First Amendment rights of freedom of speech and to petition the government to redress grievance when they ordered his detention in the Special Housing Unit (SHU) for over 160 days, and ordered his transfer to a higher-security-level prison because he had complained of staff misconduct. [Doc. 1 at 4]. Plaintiff contends that on May 1, 2011, while he was an inmate at FCI Seagoville, Lieutenant Wiginton verbally abused him and physically threatened him and that, shortly thereafter, Plaintiff drafted an "Inmate Request to Staff" (submitted to Warden Cruz on May 5, 2011) complaining of

---

[1] This action was initially filed in the United States District Court for the Eastern District of Texas, which in turn transferred it to this Court. [Doc. 4].

Lieutenant Wiginton's misconduct. [Doc. 1 at 2; Doc. 1-1 at 11]. As a result of the staff misconduct complaint, Plaintiff states that on June 13, 2011, SIS (Special Investigation Services) Lieutenant Wilson placed him in administrative detention, and on October 18, 2011, sought approval from Warden Cruz, Assistant Warden Blanckensee, and Captain Perez to transfer him to a higher security institution. [Doc. 1 at 2; Doc. 1-1 at 18, 20]. According to Plaintiff, on October 19, 2011, Lieutenant Wilson also filed a Disciplinary Report claiming the allegations in Plaintiff's staff misconduct complaint were false. [Doc. 1 at 2; Doc. 1-1 at 19]. Plaintiff seeks monetary relief. [Doc. 1 at 4].

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most

liberal construction, however, Plaintiff's claims are either frivolous or fail to state a claim upon which relief can be granted.

At the outset, the Court notes that all claims are time barred. Because Plaintiff alleges the events at issue occurred between May 1 and October 19, 2011 [Doc. 1 at 2-3], the deadline for filing suit was not later than October 2013. *See Spotts v. United States*, 613 F.3d 559, 573 (5th Cir. 2010) (statute of limitations in *Bivens* action is two years, the limitations period governing personal injuries under Texas law); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (court can raise affirmative defense of statute of limitations *sua sponte* in *in forma pauperis* actions). December 31, 2013, however, is the earliest possible date on which Plaintiff's complaint can be deemed filed.[2] Moreover, while a prisoner's administrative exhaustion proceedings toll the limitation's period, none of Plaintiff's administrative requests and appeals related to the conspiracy claims at issue in the complaint. *See Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001) (citing *Harris v. Hegmann*, 198 F.3d 153, 157-59 (5th Cir. 1999) (holding that under the Prison Litigation Reform Act (PLRA) exhaustion requirement, limitations on a prisoner's section 1983 claims is tolled during administrative proceedings).[3]

---

[2] A *pro se* prisoner's section 1983 complaint is deemed filed as soon as the prisoner deposits it into the prison mail system. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Although Plaintiff did not sign the complaint, he signed the *in forma* pauperis request and obtained a certificate of inmate trust account (both of which he submitted with his complaint) on December 31, 2013. [Doc. 2 at 2; Doc. 2-1 at 1]. Thus, the earliest possible date on which Plaintiff could have handed the complaint to prison officials for mailing was December 31, 2013.

[3] Plaintiff only sought to exhaust administrative remedies with respect to the October 19, 2011 disciplinary report. [Doc. 1-1 at 2-5; Doc. 13 at 21-29, 35]. He also filed an administrative tort claim, seeking damages for loss of his property during transfer. [Doc. 13 at 58-68]. While it appears Plaintiff may have failed to exhaust administrative remedies as to the claims pled in the complaint, the Court does not recommend dismissal on that basis. *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (while failure to exhaust is an affirmative defense under the PLRA, "inmates are not required to specially plead or demonstrate exhaustion in their complaints.").

In addition, Plaintiff cannot demonstrate that he is entitled to equitable tolling of the limitations period as a result of a "legal disability."  *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.001(a) (West 2012) ("a person is under a legal disability if the person is: (1) younger than 18 years of age, regardless of whether the person is married; or (2) of unsound mind."). Furthermore, his imprisonment does not provide a basis to toll the statute of limitations under Texas law.  *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

In any event, even if timely filed, Plaintiff's claims lack any basis in law.  In support of his conspiracy claims, Plaintiff only asserts:

> 12. The defendants knowingly, deliberately and maliciously conspired to deprive the plaintiff of his First Amendment rights to:
>     a) freedom of speech and
>     b) right to petition the government to redress grievance.
>
> 13. Each defendant knew or should have known that their conduct of ordering the detention of the plaintiff for over 160 days in the Special Housing Unit (SHU) would have the effect of deterring, preventing and/or otherwise lead to the deprivation of the plaintiffs [sic] constitutional rights.
>
> 14. Each defendant knew or should have know [sic] that their conduct of ordering and Administrative Transfer to higher security Level Institution because he filed a complaint on a staff member would deter, prevent and/or otherwise lead to plaintiff deprivation of Plaintiffs [sic] constitutional rights.

[Doc. 1 at 4].

To expound on the factual allegations in the complaint, the Court issued a questionnaire to Plaintiff.  [Doc. 13 at 34].  However, his answers are conclusory.  In particular, Plaintiff was asked to identify each individual who participated in the conspiracy and, for each individual identified, to specify the act(s) that established each individual's participation in the conspiracy.  *Id.*  In response, Plaintiff simply listed the five Defendants named in the complaint and referenced pages 2-4 of the Complaint.  *Id.*  When asked to "[i]dentify all facts that shows that an

agreement existed among the individuals identified to violate [his] constitutional rights," Plaintiff merely stated "See Memorandum for Warden Cruz." *Id.*

As illustrated above, Plaintiff has failed to plead any facts as the basis for his conspiracy claim. A claim for civil conspiracy requires allegations of facts sufficient to show that there was an agreement between the defendants and others to inflict a wrong or injury upon the plaintiff and an overt act that results in damages. *Crowe v. Lucas*, 595 F.2d 985, 993 (5th Cir. 1979). There are no factual allegations here that would permit an inference that the Defendants entered into an agreement to deprive Plaintiff of his constitutional rights. *See Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). "'Mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy under 42 U.S.C. § 1983." *Id.* (quoting *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982)).

Additionally, insofar as Plaintiff is attempting to sue Lieutenant Wiginton for verbally abusing and threatening him on May 1, 2011, he cannot prevail. [Doc. 1 at 2]. Mere verbal abuse or harassment by a prison guard, including threatening language and gestures, does not amount to a constitutional violation. *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) ("[A]s a rule, 'mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation.'") (quoted case omitted)). Furthermore, because Plaintiff does not have a liberty interest in his custodial classification, his 160-day confinement in the SHU pending an investigation also does not rise to a constitutional violation. "[A]dministrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995) (citing *Sandin v. Conner,* 515 U.S. 472 (1995)); *see also Hernandez v. Velasquez,* 522 F.3d 556, 562-563 (5th Cir. 2008) (*per*

*curiam*) (collecting cases).  Likewise, to the extent Plaintiff complains of his transfer to FCI Englewood, his claim fails.  An inmate does not have a constitutional right to be housed in a particular facility.  See *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) (citing *Olim v. Wakinekona*, 461 U.S. 238, 244-245 (1983)).

Lastly, to the extent Plaintiff is attempting to allege a retaliation claim (*see* allegations in attachments to the complaint), his assertions are conclusory.  [Doc. 1-1 at 2, 4].  Although prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the constitution (*Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995)), claims of retaliation from prison inmates must be regarded with skepticism, so as not to involve federal courts in every disciplinary act that occurs in penal institutions.  *Id.* at 1166.  Thus, to state a claim of retaliation, a prisoner must allege facts that establish:  1) a specific constitutional right; 2) a defendant's intent to retaliate against the plaintiff for exercising that right; 3) a retaliatory adverse act; and 4) causation.  *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006).  Causation requires a showing that "but for the retaliatory motive the complained of incident . . . would not have occurred."  *Johnson v. Rodriguez,* 110 F.3d 299, 310 (5th Cir. 1997) (quotations and quoted case omitted).  "This places a significant burden on the inmate" (*Woods*, 60 F.3d at 1166), who "must allege more than his personal belief that he is the victim of retaliation." *Jones v. Greninger,* 188 F.3d 322, 325 (5th Cir.1999).  "The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" *Id.* (quoted case omitted).

Here, the attachments to the complaint, as supplemented by Plaintiff's answers to the Court's questionnaire, fail to state a plausible retaliation claim.  [Doc. 1-1 at 2, 4; Doc. 13 at 57]. In response to the Court's query regarding the basis of his retaliation claim, Plaintiff stated:

> I wrote a complaint and verbally spoke with Mrs. Anthony the Unit Manager and informed her that was about to initiate my administrative remedy. About a week later I was lock-up [sic] in the Special Housing Unit for 160 days without receiving an incident report to prevent me from filing my administrative remedies.
>
> ***
>
> While making routine rounds in the Special Housing Unit each one of the defendants would make an effort to stop by my cell door and state to the Plaintiff that "he would never get out of there (SHU) for what he did."

[Doc. 13 at 57]. Plaintiff has not alleged any facts which, if true, would prove causation, and he also has not identified any adverse consequences he suffered as a result of the alleged retaliation. As to the later, in answer to the Court's inquiry, he merely referenced his tort claim (regarding misplaced/lost property following his transfer to FCI Englewood), and general information on the SHU, the inmate disciplinary program, and Plaintiff's SHU records. *Id.* Accordingly, Plaintiff's has failed to state a claim for retaliation upon which relief can be granted.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be summarily **DISMISSED** with prejudice (1) as time barred, (2) as frivolous, and (3) for failure to state a claim upon which relief can be granted. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

SIGNED March 27, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE